IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILLIP DUGAN, #A4007899, ) | Civ. No. 07-00226 JMS-KSC |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DISMISSING COMPLAINT |
| vs. ) | PURSUANT TO 28 U.S.C. § 1915 |
| ) | |
| SERGEANT KANAMU, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915**

Before the court is pro se Plaintiff Phillip Dugan's prisoner civil rights complaint. Plaintiff, incarcerated at the Maui Community Correctional Center ("MCCC"), names the Maui Police Department ("MPD"), MPD Sergeant Kanamu, and MPD Officer Nick Krau as defendants to this action (collectively, "Defendants").[1] Plaintiff alleges Defendants violated unspecified civil rights after he was arrested in Washington State on March 9, 2007, and extradited to Hawaii

---

[1] Although Plaintiff names the Maui Police Department, he fails to state any claims against it, alleging facts solely against Krau and Kanamu. *See* Comp. 2, 4, 5; *see also Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (holding that municipal liability rests on the actions of the municipality, not on the actions of the employees of the municipality). While the court is not holding Plaintiff to a heightened pleading standard, Plaintiff must at least allege some facts supporting an inference that Krau's and Kanamu's actions "conformed to official policy, custom, or practice," to state a claim against the Maui Police Department. *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988).

on or about March 26, 2007. For the following reasons, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), as raising duplicative claims, and therefore, frivolous.

## I. BACKGROUND

Plaintiff has recently filed three prisoner civil rights complaints: the instant case, *Dugan v. Tani, et al.*, Civ. No. 07-00216 HG-KSC; and *Dugan v. Lingle*, Civ. No. 07-00236 DAE-KSC. The facts underpinning these three actions, although somewhat unclear, are connected. The court briefly summarizes all three cases.

**A.** *Dugan v. Tani, et al.*, **Civil No. 07-00216 HG-KSC**

On April 26, 2007, Plaintiff filed *Dugan v. Tani, et al.*, Civil No. 07-00216 HG-KSC, naming Maui County Deputy Prosecutor Carson F. Tani, MCCC Warden Alan Nouchi, Maui County Police Officer Nick Krau, and Maui County Police Detective Mark Kahaha, as defendants. Plaintiff alleges that he was assaulted with a towchain when his motorcycle was "illegally" repossessed; he does not name his assailant. He claims that Krau later took his motorcycle "by force." Comp. 4. He alleges that Kahaha induced the Motor Vehicle Department to alter the title to his motorcycle after it was repossessed, to reflect that it was encumbered. He also states that Kahaha refused to file assault and theft charges

against the perpetrators of this allegedly illegal repossession.

Plaintiff says that he reported these events to Tani, who, rather than file charges against Krau, Kahaha, and others, had Plaintiff arrested "by grand jury indictment." Comp. 4. Plaintiff states that "after leaving island by force and threats to [his] life," apparently referring to his extradition to Washington State, *see supra* n.1, he was rearrested in Washington on March 9, 2007, and extradited to Hawaii on or about March 26, 2007.[2]

---

[2] Public records largely corroborate this time frame. The court takes judicial notice of the public records in Plaintiff's State of Hawaii criminal case, *State v. Dugan*, Cr. No. 03-1-000464. *See* Fed. R. Evid. 210(b) ("[A] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (stating that a court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein). Plaintiff's records are available at http://hoohiki2.courts.state.hi.us/jud/Hoohiki/main.htm.

On September 15, 2003, Plaintiff was indicted for two counts of Assault in the Third Degree, H.R.S. § 707-0712/1 (Counts One and Two), one count of Terroristic Threatening in the First Degree, H.R.S. § 707-0716 (Count Three), two counts of intimidating a witness, H.R.S. § 710-1071 (Counts Four and Five), and one count of Driving Without a License, H.R.S. § 286-0102 (Count Six). Tani is listed as the prosecutor in the case.

On August 26, 2004, Plaintiff pled guilty to two counts of Harassment, in violation of H.R.S. § 711-1106A, and sentenced to ninety days incarceration and six months probation for each charge, to be served concurrently.

On December 7, 2004, a waiver of extradition was entered and Plaintiff was apparently extradited to Washington State. *See* Civ. No. 07-00226, Comp. 4 ("After being brought back from State of Washington (extradition)"; Civ. No. 07-216, Comp. 5 ("I was taken back to Maui from State of Washington (did not fight extradition to show good faith . . .)").
On February 8, 2005, a bench warrant was issued for Plaintiff's arrest.

On March 27, 2007, mittimus and a warrant of commitment issued.

Plaintiff next alleges that on or about March 27, 2007, Krau threatened him at the Wailuku, Maui jail by saying "Welcome back to Maui." Comp. 5. He further claims that an unnamed Maui Police Sergeant "tased" him twice for refusing to leave the holding cell and return to his own cell.

Plaintiff seeks $10 million in damages, transfer to federal custody, and, if he is convicted of "fabricated charges," transportation back to Washington.

**B.**     *Dugan v. Kanamu, et al.*, **Civil No. 07-00226 JMS-KSC**

On April 30, 2007 Plaintiff filed the present action, in which he focuses on the events occurring after his return to Hawaii on or about March 26, 2007. In Count 1, Plaintiff names Maui Police Sergeant Kanamu as the person who tased him while he was in the Wailuku jail. Comp. 4. In Count 2, Plaintiff reiterates his claim that Krau's statement, "Welcome back to Maui, Dugan[,]" intimidated him and was an implied threat to his safety and well-being. Comp. 5. Here, Plaintiff seeks $5 million in damages, federal protection, "safe travel" "after all litigation is completed," and Officer Krau's removal from his position.

**C.**     *Dugan v. Lingle*, **Civil No. 07-00236 DAE-KSC**

In *Dugan v. Lingle*, Civil No. 07-00236 DAE-KSC, filed on May 8, 2007, Plaintiff alleges that Governor Lingle is responsible for the alleged violations detailed in his previous two complaints. Plaintiff also claims that his

parents have been harassed: their house was allegedly searched without a warrant, forcing them to leave Hawaii.[3]  Comp. 5, Count II.  In this suit, Plaintiff seeks $25 million in damages, federal protection until "all litigation is resolved," and that the parties be held "accountable for their actions or inactions" and removed from their positions.[4]

## II. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

## III. DISCUSSION

Several days before filing this action, Plaintiff filed *Dugan v. Tani, et*

---

[3] This action was dismissed on May 31, 2007, with leave granted to amend.  (Doc. No. 8.)

[4] On May 18, 2007, the court held a status conference with Plaintiff and Thomas L. Read, Esq., representative for the Hawaii Department of Public Safety.  The court informed Plaintiff that, as the claims in his three actions appear to be based on many of the same events, he should consider combining all of the claims into one complaint to avoid paying the $350.00 filing fee for each action.  Plaintiff declined to do so, and is now proceeding in forma pauperis.

*al.*, Civ. No. 07-00216 HG-KSC, raising the same claims as raised in the instant complaint, against the same defendants, and seeking substantially similar relief. The only difference between the two claims is, in *this* complaint, Plaintiff explicitly names the alleged perpetrator of his claim for excessive force, Sergeant Kanamu, as well as the Maui Police Department, and he seeks less money.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].'" *Adams v. Cal. Dep't of Health Servs.*, --- F.3d ---, 2007 WL 1309812, at * 3 (9th Cir. May 7, 2007) (*quoting Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (further citations omitted)). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *see also McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (repetitious action may be dismissed as frivolous or malicious); *Aziz v. Burrows*, 976 F.2d 1158 (9th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (repetitious litigation of virtually identical causes of action is subject to dismissal as malicious).

To determine whether a suit is duplicative, and thus, subject to dismissal, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 2007 WL 1309812, at *4. The court applies a transaction test, considering four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (*citing Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) ("The last of these criteria is the most important.")).

First, a ruling in *Dugan v. Tani,* will necessarily destroy or impair Plaintiff's claims against Krau and Kanamu in this action. Second, as the claims here are factually identical to those raised in *Dugan v. Tani*, the evidence presented in both actions will certainly be substantially similar. Third, the two suits clearly arise out of Plaintiff's claim of the infringement of the same rights: threats and intimidation by Krau and excessive force by Kanamu. Most important, the two actions arise out of the same transaction of events, to wit, Plaintiff's incarceration at the Wailuku, Maui jail on or about March 26, 2007.

Moreover, the parties are the same in these two suits. Although

Plaintiff fails to name Kanamu as the alleged perpetrator of his claim for excessive force in *Dugan v. Tani*, he adequately describes him as the "Sgt." who allowed Krau to visit Plaintiff at the jail, and then tased him for refusing to leave the holding cell. The fact that Plaintiff named Kanamu in this complaint, and alleges the identical claims against him as before, only supports one inference -- that the unnamed sergeant in *Dugan v. Tani* is the same person identified as Kanamu in this complaint.

As to the final factor, both suits clearly arise out of the same transactional nucleus of facts concerning events at the Wailuku jail. There is no question that the claims raised in this complaint arise out of the same transaction and series of events described in *Dugan v. Tani*. Further, the claims for relief are the same. In all three of his suits, Plaintiff seeks monetary damages, federal protection, safe travel after his litigation is completed, and Krau and Kanamu's removal from their employment.[5] The court concludes that the two suits involve the same cause of action, the same parties, and the same claims for relief.

This court has broad discretion to control its docket, and "[a]fter

---

[5] Although Plaintiff seeks $10 million in *Dugan v. Tani*, $25 million in *Dugan v. Lingle*, and only $5 million here, these amounts are immaterial to a finding that Plaintiff raises claims for relief including monetary damages. Moreover, the court is not bound by Plaintiff's estimation of the amount of monetary damages he is entitled to, which, in any event, seems excessive. *See Nagy v. FMC Butner*, 376 F.3d 252, 257 (4th Cir. 2004) (holding that the amount of monetary damages requested by a prisoner proceeding in forma pauperis is relevant to a frivolity determination).

weighing the equities of the case . . . may exercise its discretion to dismiss a duplicative later-filed action. . . ." *Adams*, 2007 WL 1309812, at *3. Plaintiff can easily amend the complaint in *Dugan v. Tani*, Civ. No. 07-00216 HG-KSC, to include Sergeant Kanamu and the Maui Police Department. *See* Fed. R. Civ. P. 15(a). Accordingly, the complaint and this action are DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b). This dismissal is without leave to amend in this case and shall constitute a strike pursuant to 28 U.S.C. 1915(g).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 8, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Dugan v. Kanamu, et al.*, Civ. No. 07-00226 JMS-KSC; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915; dmp\Screening 07\Dugan 07-226 JMS (FTSC duplctv cls)